UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================================

MT. HAWLEY INSURANCE COMPANY,

                Plaintiff,                        Civ. Action No.:  1:23-cv-01386-JPC

v.


PERSAUD USA PROPERTY HOLDINGS LLC,

                Defendant.

===============================================

**MEMORANDUM OF LAW IN SUPPORT OF
MT. HAWLEY INSURANCE COMPANY'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") submits this memorandum of law in support of its motion for judgment on the pleadings pursuant to F.R.C.P. Rule 12(c).

Mt. Hawley issued an insurance policy including commercial general liability (CGL) coverage to defendant Persaud USA Property Holdings LLC ("Persaud"). Persaud is engaged in the business of owning and leasing commercial space in a strip mall located in Fort Lauderdale, Florida. Persaud is currently a defendant in a Florida state court bodily injury action brought by a person claiming he was shot by an assailant while patronizing a tenant's store in the strip mall. However, there is no coverage for Persaud in connection with the suit under the Mt. Hawley policy pursuant to the policy's Exclusion – Firearms and the policy's Assault And/Or Battery Exclusion.

Mt. Hawley therefore now makes this motion for judgment on the pleadings declaring that, under New York law, it has no duty to defend or indemnify Persaud in connection with the underlying Florida state court action and the shooting incident alleged therein.

## FACTS

**1.    Persaud and the Underlying Action**

At all relevant times, Persaud was engaged in the business of owning and leasing commercial space in a strip mall located in the 3000 block of NW 19th Street, Fort Lauderdale, Florida. See Doc.1 at ¶ 9; Doc. 14 at ¶ 9. At all relevant times, Persaud leased that part of the premises located at 3081 NW 19th Street to Sammy's Discount Food and Deli ("Sammy's Discount"). See Doc. 1 at ¶ 10; Doc. 14 at ¶ 10. On June 6, 2020, Aaron J. Moss ("Moss") was present at the Leased Store when he was approached by an assailant and shot with a firearm. See Doc. 1 at ¶ 11; Doc. 1-1 at ¶¶ 2, 3, 17-20.

On October 6, 2020, Persaud was sued in Florida state court in connection with the shooting. See Doc. 1 at ¶ 12; Doc. 14 at ¶ 12; Doc. 1-1. The underlying action is captioned Aaron

J. Moss v. Persaud USA Property Holdings, Inc., Florida County Court, 17th Judicial Circuit, Broward County, Case No. COCE 22-0060976.  The complaint in the underlying Moss action alleges that Moss's assailant stalked Moss into Sammy's Discount and shot Moss with a 9-millimeter Glock weapon while Moss was within the store.  See Doc. 1-1 at ¶¶ 2, 3, 17-20.  The Moss complaint asserts causes of action against Persaud for negligence arising out of the shooting including, *inter alia*, that Persaud failed to provide adequate security at the premises, failed to warn of known hazards at the premises, and failed to use reasonable means to maintain the premises in safe condition.  See Doc. 1 at ¶ 13; Doc. 14 at ¶ 13; Doc. 1-1.

**2.    The Mt. Hawley Policy**

Mt. Hawley issued Persaud an insurance policy including CGL coverage that was in effect on the day of the shooting alleged in the Moss complaint.  See Doc. 1 at ¶ 14; Doc. 14 at ¶ 14; Doc. 1-2.  The Mt. Hawley policy is subject to the Exclusion – Firearms endorsement, which states:

> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of the ownership, rental, maintenance, use or misuse of any firearms.

Doc. 1-2 at 113.[1]

The Mt. Hawley policy is also subject to the Assault And/Or Battery Exclusion which states, in part:

> **A.**    This insurance does not apply to any claim, "suit", cost, expense and/or cause of action arising from:
>
> **1.**    An assault and/or battery regardless of culpability or intent; or
>
> **2.**    A physical altercation; or

---

[1]    All page references are to ECF pagination.

    **3.**    Any act, failure to act, error or omission to prevent or suppress an assault and/or battery or physical altercation.

This exclusion applies whether an insured, an insured's employee, a patron or any other person commits, causes, instigates or directs the assault and/or battery or physical altercation.

This exclusion also applies to any claim, "suit", cost, expense or cause of action:

    **1.**    By a person or entity seeking recovery or asserting rights arising out of, derived from, contingent upon, or related to a claim by another person for injuries or damages arising out of an assault and/or battery or a physical altercation; or

    **2.**    By a person or entity seeking recovery for emotional distress, loss of society, services, consortium and/or income, reimbursement for expenses (including but not limited to medical expenses, hospital expenses, and wages), arising out of, caused or contributed to by, derived from, contingent upon, or related to a claim by another person for injuries or damages arising out of an assault and/or battery or physical alteration; or

    **3.**    By a person or entity seeking contribution or indemnification for any claim, "suit", cost or expenses seeking recovery for or arising out of an assault and/or battery or physical altercation; or

    **4.**    Alleging negligent hiring, placement, training or supervision, or allegations of any act, error, or omission arising out of or relating to an assault and/or battery or physical altercation; or

    **5.**    Alleging failure to provide proper security or safe premises to any person injured in an assault and/or battery or physical altercation.

We are under no duty to defend any insured in any "suit" alleging a cause of action, claim, "suit", cost or expense excluded by the above and/or alleging an assault and/or battery or physical altercation.

3

Id. at 112.

**3.     This Action**

On February 17, 2023, Mt. Hawley commenced this action seeking a declaration that there is no coverage for Persaud under the Mt. Hawley policy in connection with the Moss action and the shooting incident alleged therein pursuant to the Mt. Hawley policy's Exclusion – Firearms endorsement and Assault And/Or Battery Exclusion. See Doc. 1 (First Cause of Action, Second Cause of Action).[2]

Following an Initial Pretrial Conference on August 3, 2023, Mt. Hawley filed an October 16, 2023 letter to the Court seeking leave to file a Rule 12(c) motion. See Doc. 20. On October 23, 2021, Persaud filed a letter to the Court stating it does not object to Mt. Hawley's application for leave to file the motion. See Doc. 22. On October 24, 2023, the Court issued an Order granting Mt. Hawley leave to file its motion (and adopting and ordering a briefing schedule). See Doc. 23.

## ARGUMENT

A motion pursuant to Rule 12(c) is a proper basis for a liability insurer to obtain judgment declaring that it has no duty to defend or indemnify its insured in an excluded underlying action. See Allstate Ins. Co. v. Vitality Physicians Group Practice P.C., 537 F. Supp. 3d 533 (S.D.N.Y. 2021). The documents attached to Mt. Hawley's complaint (which are limited to the complaint in the Moss action and the Mt. Hawley policy) are properly considered on a Rule 12(c) motion. Id.

---

[2] The complaint's Third Cause of Action is directed to a separate and independent basis for denying coverage, which is Persaud's failure to satisfy the policy's Tenants and Contractors – Conditions of Coverage endorsement. Mt. Hawley is maintaining that disclaimer and cause of action, although it will be academic should the Court grant this Rule 12(c) motion directed to the exclusions.

1. **The Underlying Action and Shooting Incident Alleged Therein Fall Wholly Within the Exclusion – Firearms Endorsement**

There is no dispute that the Moss complaint is premised on injuries arising out of the discharge of a firearm. Coverage under the Mt. Hawley policy for the Moss action and the shooting incident alleged therein is therefore excluded pursuant to the Exclusion – Firearms endorsement. In Farmbrew Realty Corp. v. Tower Ins. Co. of New York, 289 A.D.2d 284 (2d Dept. 2001), the New York State Appellate Division noted that an exclusion substantively identical to the Mt. Hawley exclusion applied to claims arising from a shooting incident on the insured's premises (citing Mount Vernon, *infra*, 88 N.Y.2d 347 (1996)).

The federal courts have likewise expressly addressed and applied firearms exclusions in commercial general liability policies. In Cincinnati Specialty Underwriters Ins. Co. v. Albuquerque Navajo Lodge 863 I.B.P.O.E. of W., No. CV 15-572 KG/WPL, 2015 WL 13540671 (D.N.M. November 23, 2015), the court surveyed decisions applying such exclusions:

> Courts have found that similar provisions preclude coverage where applicable and do not require indemnification from the insurance company. *See, e.g.*, *Seneca Specialty Ins. Co. v. 845 N., Inc.*, No. 3:14-CV-922-J-34PDB, 2015 WL 3400415, at *4 (M.D. Fla. May 26, 2015) (unpublished) (finding no coverage for nightclub shooting due to either firearms or assault or battery provisions in insurance policy); *Nautilus Ins. Co.*, 2015 WL 996441, at *5 [(D. Colo. March 2, 2015] (finding assault or battery exclusions unambiguous and therefore insurer had no duty to defend or indemnify insurance company based on physical altercation at bar); *U.S. Liab. Ins. Co. v. Parchman*, No. 1:11-CV-01244-TWP-DML, 2013 WL 2600406, at *3 (S.D. Ind. June 11, 2013) (unpublished) (finding no coverage for shooting at insured's event in presence of similar firearms provision); *Tower Ins. Co. of New York v. Lormejuste*, No. 4:11CV226-RS/CAS, 2012 WL 1986881, at *8 (N.D. Fla. Apr. 23, 2012), *report and recommendation adopted sub nom. Tower Ins. Co. of New York v. Lormejuste*, No. 4:11-CV-226/RS-CAS, 2012 WL 1986827 (N.D. Fla. June 4, 2012) (unpublished) (finding firearms exclusion unambiguously precluded coverage for negligence claims derived from death of customer at indoor flee market); *Holmes v. Burns*

    *& Wilcox, Ltd.*, No. CV-02-1472 JB/ACT, Doc. 148 at *12 (D.N.M. Jan. 30, 2004) (finding no coverage for assault and battery resulting in death of patron in insured's parking lot where policy contained clear exclusion).

As the Exclusion – Firearms applies to the underlying action against Persaud, Mt. Hawley is entitled to judgment declaring it has no obligation to defend or indemnify Persaud in connection with the <u>Moss</u> action and the shooting alleged therein.

**2.  The Underlying Action and Shooting Incident Alleged Therein Fall Wholly Within the Assault And/Or Battery Exclusion**

The Mt. Hawley policy's Assault And/Or Battery Exclusion also separately and independently excludes coverage for the <u>Moss</u> action and the shooting alleged therein because the assailant's stalking, approaching, and shooting of Moss with a firearm fall within the exclusion, which applies to "assault and/or battery regardless of culpability or intent" as well as a "physical altercation."

Under both New York law and the express wording of the exclusion, the exclusion applies regardless of the fact that the theories of recovery against Persaud are premised on alleged negligence. The exclusion applies to, in part, "[a]ny act, failure to act, error or omission to prevent or suppress an assault and/or battery or physical altercation."

The exclusion also states:

> This exclusion applies whether an insured, an insured's employee, a patron or any other person commits, causes, instigates or directs the assault and/or battery or physical altercation.

The exclusion also states:

> This exclusion also applies to any claim, "suit", cost, expense or cause of action:

*   *   *

6

>   4.  Alleging negligent hiring, placement, training or supervision, or allegations of any act, error, or omission arising out of or relating to an assault and/or battery or physical altercation; or
>
>   5.  Alleging failure to provide proper security or safe premises to any person injured in an assault and/or battery or physical altercation.

In <u>Mount Vernon Fire Ins. Co. v. Creative Housing Ltd</u>., 88 N.Y.2d 349 (1996), the New York Court of Appeals conclusively held that assault and battery exclusions such as the Mt. Hawley exclusion apply on a "but for" basis. The Court of Appeals held that such exclusions apply regardless of the legal theory of liability asserted against the insured because the operative act for purposes of the exclusion remains the assault itself:

> [T]he language of the policy controls this question and while the theory pleaded may be the insured's negligent failure to maintain safe premises, the operative act giving rise to any recovery is the assault. While the insured's negligence may have been a proximate cause of plaintiff's injuries, that only resolves its liability; it does not resolve the insured's right to coverage based on the language of the contract between him and the insurer. Merely because the insured might be found liable under some theory of negligence does not overcome the policy's exclusion for injury resulting from assault.

<u>Id</u>. at 352.

The Court of Appeals also held that it is immaterial that the assailant is a third party:

> Our interpretation of the exclusion clause fully resolves the question of coverage. If no cause of action would exist "but for" the assault, it is immaterial whether the assault was committed by the insured or an employee of the insured on the one hand, or by a third party on the other. Moreover, the language of the exclusion clause provides that there will be no coverage for any suit based on assaults "whether or not committed by or at the direction of the insured." That language encompasses claims based on assault committed by employees of insured or unrelated third parties. Coverage is excluded on either ground.

Id. at 353.³

Since Mount Vernon, the New York state and federal courts have since consistently applied assault and battery exclusions in the same manner. In Northfield Ins. Co. v. Queen's Palace, Inc., 252 F. Supp. 3d 161, 167 (E.D.N.Y. 2017), the court noted several such decisions:

> It is well-settled that, where, as here, a general commercial liability insurance policy has an assault and battery exclusion and where no cause of action would exist "but for" an assault, the underlying tort claim is "based on" the assault, the exclusion precludes coverage, and the insurer has no duty to defend or indemnify the insured. Moreover, such an exclusion precludes coverage regardless of the theory of liability asserted against the insured. *See, e.g.*, *White v. Nat'l Specialty Ins. Co.*, 2014 WL 3871351, at *1 (E.D.N.Y. Aug. 6, 2014) (holding that assault and battery exclusion precluded coverage for negligence claim); *Mount Vernon Fire Ins. Co. v. Creative Housing Ltd.*, 88 N.Y.2d 347, 352, 645 N.Y.S.2d 433, 668 N.E.2d 404 (1996) (holding assault and battery exclusion precluded coverage where plaintiff in underlying action was criminally assaulted on insured's premises, even though theory of liability against insured "sound[ed] in negligence"); *U.S. Underwriters Ins. Co. v. Val–Blue Corp.*, 85 N.Y.2d 821, 823, 623 N.Y.S.2d 834, 647 N.E.2d 1342 (1995)(same); *Burgund*, 84 A.D.3d at 851, 924 N.Y.S.2d 401 (holding that insurer had no duty to defend where there was an assault and battery exclusion and none of the causes of action in the underlying lawsuit "would exist but for the alleged assault and battery"); *WSTC Corp. v. Nat'l Specialty Ins. Co.*, 67 A.D.3d 781, 782, 888 N.Y.S.2d 602 (2d Dep't 2009) (holding that a negligence claim "arising out of an assault" did not give rise to a duty to defend where the policy contained an assault and battery exclusion); *Sphere Drake Ins. Co. v. Block 7206 Corp.*, 265 A.D.2d 78, 80, 705 N.Y.S.2d 623 (2d Dep't 2000) ("[T]he Court of Appeals has, in general, given assault and battery exclusions a broad construction.").

Furthermore, such exclusions apply to assault and battery involving guns. See U.S. Underwriters Ins. Co. v. Val-Blue Corp., 85 N.Y.2d 821 (1995); Shanna Golden, Ltd. v. Tower

---

³ The New York Court of Appeals' decision in Mount Vernon was precipitated by certified questions from the Second Circuit Court of Appeals. See Mount Vernon Fire Ins. Co. v. Creative Housing Ltd., 70 F.3d 720 (2d Cir. 1995). Following the New York Court of Appeals' decision, the Second Circuit Court of Appeals issued a decision applying the exclusion. See Mount Vernon Fire Ins. Co. v. Creative Housing Ltd., 93 F.3d 63 (2d Cir. 1996).

8

Ins. Co. of New York, 1 A.D.3d 586 (2d Dept. 2003); Century Surety Co. v. Whispers Inn Lounge, Inc., 2016 WL 590231 (S.D.N.Y. 2016).

Here, none of the claims or causes of action alleged in the Moss action would exist but for the assault and battery allegedly committed against Moss.  The Assault And/Or Battery Exclusion therefore applies for all the reasons set forth in Mount Vernon and its progeny.

As the Assault And/Or Battery Exclusion applies to the underlying action against Persaud, Mt. Hawley is entitled to judgment declaring it has no obligation to defend or indemnify Persaud in connection with the Moss action and the shooting alleged therein.

## CONCLUSION

For all of the foregoing reasons, Mt. Hawley is entitled to and respectfully demands judgment:  (1) declaring that it has no duty to defend or indemnify Persaud in connection with the Moss action or the June 6, 2020 shooting incident alleged therein; and (2) granting such other and further relief in Mt. Hawley's favor as the Court finds just and appropriate.

Dated:  November 22, 2023
Respectfully submitted,

DELAHUNT LAW PLLC

By: _____/s_____
Timothy E. Delahunt
Bar Roll No. TD-2791
tdelahunt@delahuntpllc.com

295 Main Street
Suite 836
Buffalo, New York 14203
Tel.: (716) 878-9178

*Attorneys for plaintiff*
*Mt. Hawley Insurance Company*