UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MT. HAWLEY INSURANCE COMPANY,                                          :
                                                                       :
                        Plaintiff,                                     :
                                                                       :
            -v-                                                        :     23 Civ. 1386 (JPC)
                                                                       :
PERSAUD USA PROPERTY HOLDINGS LLC,                                     :     OPINION AND ORDER
                                                                       :
                        Defendant.                                     :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") brings this action against Defendant Persaud USA Property Holdings LLC ("Persaud"), seeking a declaratory judgment that Mt. Hawley has no duty to defend or indemnify Persaud in connection with a pending Florida case involving a shooting at a deli in Fort Lauderdale. Before the Court is Mt. Hawley's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In its motion, Mt. Hawley seeks a judgment declaring that two exclusions in its policy with Persaud—which concern bodily injury arising from the use of firearms and suits arising from assault—relieve it of any duty to defend or indemnify Persaud in the Florida action. For the following reasons, the motion is granted.

## I.     Background[1]

**A.     Facts**

Persaud owned commercial space at a strip mall in Fort Lauderdale, Florida.  Compl. ¶ 9; Ans. ¶ 9.  Persaud leased part of the strip mall to a store named Sammy's Discount Food and Deli ("Sammy's").  Compl. ¶ 10; Ans. ¶ 10.  On October 6, 2020, Aaron J. Moss filed a complaint against Persaud in the County Court for the 17th Judicial Circuit of Broward County, Florida, in connection with an incident that occurred at Sammy's on June 6, 2020 (the "Florida Case").  *See* Florida Compl.; Compl. ¶ 12; Ans. ¶ 12.  In his complaint in the Florida Case, Moss alleges that, after leaving a house party, he witnessed a man named Jerry Joseph shoot at another person, after which Joseph struck Moss with his firearm.  Florida Compl. ¶¶ 5-7.  Moss contends that he then tried to escape, with Joseph shooting at him as he fled.  *Id.* ¶¶ 14-15.  Joseph allegedly "stalked" Moss into Sammy's and, while in the store, shot Moss, with the bullet tearing through Moss's right hip and causing severe damage to Moss's "right hip muscle" and profuse bleeding.  *Id.* ¶¶ 17-24.

In the Florida Case, Moss brings three causes of action against Persaud, each alleging premises liability.  Moss alleges that: (1) Persaud negligently failed to provide adequate security and adequate training, *id.* ¶¶ 28-38, (2) Persaud negligently failed to warn of known hazards, *id.*

---

[1] The following facts, which are assumed true for purposes of this Opinion and Order, are taken from the facts alleged in the Complaint, Dkt. 1 ("Compl."), that Persaud has admitted in its Answer, Dkt. 14 ("Ans.").  *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021) ("When a plaintiff is the movant [in a motion for judgment on the pleadings under Rule 12(c)], courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants, who are the non-movants in that scenario."); *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 90 (S.D.N.Y. 2020).  The Court also relies on documents incorporated by reference in or integral to the Complaint and Answer, most notably the insurance agreement at issue in the case, Dkt. 1-2 ("Policy"), and the complaint filed in the underlying Florida action, Dkt. 1-1 ("Florida Compl.").  *See Lively*, 6 F.4th at 305 (explaining that in resolving a Rule 12(c) motion brought by a plaintiff, "courts should consider the answer, along with any attached written instruments or other matters of which courts can take judicial notice," including "extrinsic material that is incorporated by reference into the complaint or on which the complaint relies").

¶¶ 39-51, and (3) Persaud negligently failed to use reasonable means to maintain the property in a safe condition, *id.* ¶¶ 52-64.

At the time of the June 6, 2020 shooting, Persaud owned an insurance policy (the "Policy") issued by Mt. Hawley with commercial general liability coverage, subject to a $1,000,000 per-occurrence limit. Compl. ¶ 14; Ans. ¶ 14. The Policy contains several modifying provisions with exclusions from its commercial general liability coverage, including two that are relevant here. First, the Policy contains an endorsement titled "Exclusion – Firearms" (the "Firearms Exclusion"), which states:

> This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of the ownership, rental, maintenance, use or misuse of any firearms.

Policy at 113; Compl. ¶ 15; Ans. ¶ 15. Second, the Policy contains an endorsement labeled "Assault and/or Battery Exclusion" (the "Assault Exclusion"), which reads in relevant part:

> **A.** This insurance does not apply to any claim, "suit", cost, expense and/or cause of action arising from:
>
> > **1.** An assault and/or battery regardless of culpability or intent; or
> >
> > **2.** A physical altercation; or
> >
> > **3.** Any act, failure to act, error or omission to prevent or suppress an assault and/or battery or physical altercation.
>
> This exclusion applies whether an insured, an insured's employee, a patron or any other person commits, causes, instigates or directs the assault and/or battery or physical altercation. This exclusion also applies to any claim, "suit", cost, expense or cause of action:
>
> > **1.** By a person or entity seeking recovery or asserting rights arising out of, derived from, contingent upon, or related to a claim by another person for injuries or damages arising out of an assault and/or battery or a physical altercation; or
> >
> > **2.** By a person or entity seeking recovery for emotional distress, loss of society, services, consortium and/or income, reimbursement for expenses (including but not limited to medical expenses, hospital

> expenses, and wages), arising out of, caused or contributed to by, derived from, contingent upon, or related to a claim by another person for injuries or damages arising out of an assault and/or battery or physical alteration; or
>
> **3.** By a person or entity seeking contribution or indemnification for any claim, "suit", cost or expenses seeking recovery for or arising out of an assault and/or battery or physical altercation; or
>
> **4.** Alleging negligent hiring, placement, training or supervision, or allegations of any act, error, or omission arising out of or relating to an assault and/or battery or physical altercation; or
>
> **5.** Alleging failure to provide proper security or safe premises to any person injured in an assault and/or battery or physical altercation.
>
> We [*i.e.*, Mt. Hawley] are under no duty to defend any insured in any "suit" alleging a cause of action, claim, "suit", cost or expense excluded by the above and/or alleging an assault and/or battery or physical altercation.

Policy at 112; Compl. ¶ 16; Ans. ¶ 16.

**B.    Procedural History**

Mt. Hawley is currently providing Persaud a defense in the Florida Case. Compl. ¶ 20; Ans. ¶ 20. On February 17, 2023, Mt. Hawley filed its Complaint, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, Compl. ¶ 6, and seeking a judgment "declaring that under New York law, Mt. Hawley has no duty to defend or indemnify Persaud in connection with the [Florida Case] or the June 6, 2020 shooting incident alleged therein," *id.* ¶ 19. Mt. Hawley seeks declarations that Mt. Hawley has no duty to defend or indemnify Persaud in the Florida Case[2] for

---

[2] Throughout the Complaint, as well as in its briefing, Mt. Hawley states that it is seeking a declaration that it has no duty to defend or indemnify "in connection with the [Florida Case] *or the June 6, 2020 shooting incident alleged therein*." *E.g.*, Compl. ¶¶ 22, 25, 34 (emphasis added); *accord* Dkt. 25 ("Motion") at 1, 5, 6, 9. The June 6, 2020 shooting was, of course, alleged in Moss's complaint in the Florida Case and, as discussed *infra*, allegations concerning that shooting gave rise to his claims against Persaud. The Court understands Mt. Hawley to be seeking a declaration regarding its duties to defend and indemnify only as to the pending Florida Case, in which it is currently providing a defense for Persaud. To the extent Mt. Hawley is also seeking a declaration as to future lawsuits or causes of action that have not yet been filed, that request is

4

three independent reasons: (1) the terms of the Firearms Exclusion, Compl. ¶¶ 21-23, (2) the terms of the Assault Exclusion, *id.* ¶¶ 24-26; and (3) Persaud's failure to comply with the "Tenants and Contractors – Conditions of Coverage" endorsement of the Policy when it leased space to Sammy's, *id.* ¶¶ 27-35.

Persaud filed its answer on June 2, 2023. Dkt. 14. On November 22, 2023, Mt. Hawley moved for judgment on the pleadings on its first two requested declarations, *i.e.*, that it has no duty to defend or indemnify Persaud in the Florida Case under the Firearms Exclusion and the Assault Exclusion, respectively. Dkts. 24-25.[3] Persaud filed its opposition brief, along with a supporting declaration, on January 16, 2024, Dkts. 26 ("Opposition"), 27 ("Persaud Decl."), and Mt. Hawley filed its reply brief on February 6, 2024, Dkt. 28 ("Reply").

## II.   Motion for Judgment on the Pleadings

### A.   Standard of Review

"Judgment on the pleadings 'is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings.'" *VCG Special Opportunities Master Fund Ltd. v. Citibank, N.A.*, 594 F. Supp. 2d 334, 339 (S.D.N.Y. 2008) (quoting *Sellers v. M.C. Floor Crafters Inc.*, 842 F.3d 639, 642 (2d Cir. 1988)). "When a plaintiff is the movant [in a motion for judgment on the pleadings under Rule 12(c)], courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the

---

denied without prejudice as not ripe. *See Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) ("A claim is not ripe if it depends upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985))).

[3] Mt. Hawley explains in its moving brief that while it is maintaining its third claim for declaratory relief, based on the Policy's "Tenants and Contractors – Conditions of Coverage" endorsement, as "a separate and independent basis for denying coverage," that claim "will be academic should the Court grant [its] Rule 12(c) motion." Motion at 4 n.2.

defendants, who are the non-movants in that scenario." *Lively*, 6 F.4th at 305. In this procedural context, "the question for determination is whether on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, No. 22 Civ. 8842 (JLR), 2023 WL 5971144, at *5 (S.D.N.Y. Sept. 14, 2023) (internal quotation marks omitted). "In other words, if a defendant's answer admits, alleges, or fails to deny facts which, taken as true, would entitle a plaintiff to relief on one or more claims supported by the complaint, then the plaintiff's Rule 12(c) motion should be granted." *Allstate Ins. Co. v. Vitality Physicians Grp. Practice P.C.*, 537 F. Supp. 3d 533, 545 (S.D.N.Y. 2021) (internal quotation marks omitted).

**B.    Discussion**

"Judgment pursuant to Rule 12(c) can be particularly appropriate in breach of contract cases involving legal interpretations of the obligations of the parties." *VoiceAge Corp. v. RealNetworks, Inc.*, 926 F. Supp. 2d 524, 529 (S.D.N.Y. 2013) (collecting cases). This is because "[t]he initial interpretation of a contract is a question of law for a court." *Id.* "If the contract is unambiguous, the Court may award judgment on the pleadings, assuming no material facts are in dispute." *Neopharm Ltd. v. Wyeth-Ayerst Int'l LLC*, 170 F. Supp. 3d 612, 615 (S.D.N.Y. 2016). But "a claim predicated on a materially ambiguous contract term is not dismissible on the pleadings." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 53 (2d Cir. 2012) (internal quotation marks omitted). The material facts concerning Mt. Hawley's issuance of the Policy to Persaud, the relevant terms of that Policy, the allegations in the Florida Case, and the effectiveness of the Policy at the time of the events alleged in Florida are not in dispute. Compl. ¶¶ 12-18; Ans. ¶¶ 12-18. The Court thus proceeds to analyze whether the Policy's exclusions unambiguously apply to the Florida Case.

The Policy is governed by New York law. *See* Policy at 76; Compl. ¶ 18; Ans. ¶ 18. "It is axiomatic under New York law . . . that the fundamental objective of contract interpretation is to give effect to the expressed intentions of the parties." *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011) (cleaned up). "In a dispute over the meaning of a contract, the threshold question is whether the contract is ambiguous." *Id.* "The matter of whether the contract is ambiguous is a question of law for the court." *L. Debenture Tr. Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 465 (2d Cir. 2010). "Contract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Cervecería Modelo de México, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 23-810, 2024 WL 1253593, at *1 (2d Cir. Mar. 25, 2024) (internal quotation marks omitted). But "[c]ontract language is not ambiguous if it has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion.'" *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009) (quoting *Breed v. Ins. Co. of N. Am.*, 385 N.E.2d 1280, 1282 (N.Y. 1978)).

"Under New York law . . . an insurer bears the burden of proving that an exclusion applies." *Ment Bros. Iron Works Co., Inc. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 121 (2d Cir. 2012). For reasons that follow, the Court concludes that the Policy unambiguously excludes coverage in the Florida Case, and thus grants judgment on the pleadings in favor of Mt. Hawley on its first two requests for declaratory relief.

    **1. Assault Exclusion**

The Court starts with Mt. Hawley's second requested declaratory relief, which is a declaration that it has no duty to defend or indemnify Persaud in the Florida Case pursuant to the

7

Policy's Assault Exclusion. The plain terms of the Assault Exclusion relieve Mt. Hawley of any duty to defend or indemnify Persaud in that action. Under the Assault Exclusion, the Policy "does not apply to any claim, 'suit', cost, expense and/or cause of action arising from . . . [a]n assault . . . or . . . [a]ny act, failure to act, error or omission to prevent or suppress an assault and/or battery or physical altercation." Policy at 112. The Assault Exclusion proceeds to make clear that Mt. Hawley is "under no duty to defend any insured in any 'suit' alleging a cause of action, claim, 'suit', cost or expense excluded by the above and/or alleging an assault and/or battery or physical altercation." *Id*.

"In determining whether there is a duty to defend, a court must compare the terms of the insurance policy to the allegations in the underlying litigation." *Spandex House, Inc. v. Hartford Fire Ins. Co.*, 407 F. Supp. 3d 242, 249-50 (S.D.N.Y. 2019). The claims in the Florida Case against Persaud clearly "aris[e] from" Moss's alleged assault when he was shot by Joseph on June 6, 2020 in Sammy's. *See* Florida Compl. ¶¶ 5-24. Moreover, in his complaint in the Florida Case, Moss accuses Persaud of a "failure to act, [an] error [and an] omission to prevent or suppress an assault and/or battery or physical altercation," Policy at 112, as he pleads premises liability based on Persaud's supposed negligence in failing to provide adequate security and training, failing to warn of known hazards, and failing to maintain the property in a safe condition, all of which Moss alleges contributed to his assault when he was shot. Florida Compl. ¶¶ 28-64.

Persaud focuses on the absence of causes of action in the Florida Case alleging Persaud utilized a firearm or committed an assault. *See* Opposition at 9. This is irrelevant. Regardless of the title of the claim pleaded, the Policy excludes coverage where the claim "aris[es] from" an assault, and thus covers these claims since they arise directly from the allegations concerning Joseph's commission of an assault by shooting Moss. *See Downtown Bar & Grill, Inc. v. Sphere*

8

*Drake Ins. Co.*, No. 96 Civ. 6510 (DLC), 1997 WL 188139, at *3-4 (S.D.N.Y. Apr. 17, 1997) (holding that under New York law the term "arising out of" in an insurance contract applies a "but for" test between the facts alleged in a complaint and the legal theory offered for relief); *see also Mount Vernon Fire Ins. Co. v. Creative Housing Ltd.*, 668 N.E.2d 404, 406 (N.Y. 1996) (same). In such a situation, the test in New York, as articulated by the New York Court of Appeals in *Creative Housing*, is whether "but for" the operative act of the assault, there could be no cause of action, regardless of the legal theory pleaded.  668 N.E.2d at 406-07; *see also id.* at 406 ("While the insured's negligence may have been a proximate cause of plaintiff's injuries, that only resolves its liability; it does not resolve the insured's right to coverage based on the language of the contract between him and the insurer.  Merely because the insured might be found liable under some theory of negligence does not overcome the policy's exclusion for injury resulting from assault." (citation omitted)).

Indeed, Persaud concedes "the general applicability of this principle to the Policy," but urges that Mt. Hawley nonetheless has a duty to defend and indemnify because of "the unique facts alleged in the Florida Suit."  Opposition at 12.  Persaud contends that "intervening factors responsible for the alleged injuries renders this case unique and brings the matter outside the scope of the Assault Exclusion."  *Id.*  Persaud offers no legal authority,[4] or even any explanation, to support his invitation for this Court to disregard the clear directive of decisions like *Creative*

---

[4] Decisions of New York courts have occasionally made it somewhat unclear how far a term like "arising from" stretches.  *See Cone v. Nationwide Mut. Fire Ins. Co.*, 551 N.E.2d 92, 93 (N.Y. 1989); *cf. Jennings v. Rodriguez*, 583 U.S. 281, 293-94 (2018) (explaining that "[i]n past cases, when confronted with capacious phrases like 'arising from,' we have eschewed uncritical literalism leading to results that no sensible person could have intended" (internal quotation marks omitted)).  The New York Court of Appeals made clear in *Creative Housing*, however, that such decisions are inapplicable when considering "arising out of" in an insurance contract exclusion and that this "but for" analysis controls.  668 N.E.2d at 406-07.

9

*Housing* given the circumstances of this case, and the Court will not do so.  Nor does it matter that the assault is alleged to have begun off Persaud's premises, *id.* at 10; the question under New York law is whether "no cause of action would exist 'but for' the assault." *Creative Housing*, 668 N.E.2d at 407.[5]

For these same reasons, it does not matter that, according to Persaud, "the damages alleged in the Florida Suit are far too attenuated from the alleged negligence of Persaud to have been proximately caused by any action or inaction on the part of Persaud." Opposition at 10-11.  This argument may be relevant to Persaud's defense to the merits of the Florida suit, but it has no import to the question of the Policy's coverage.  The Assault Exclusion is not limited to claims against Persaud that have merit; it applies to any claims and suits that fall within the language of the Exclusion.  And indeed, the Assault Exclusion expressly provides that "[t]his exclusion applies whether an insured, an insured's employee, a patron or *any other person* commits, causes, instigates or directs the assault and/or battery or physical altercation." Policy at 112 (emphasis added).

Lacking support from the Policy's language or governing law, Persaud appeals to Mt. Hawley's "broad duty to defend Persaud against the Florida suit," invoking this general proposition of New York law.  Opposition at 11-12.  It is true that under New York law, "the duty of an insurer to defend its insured is 'exceedingly broad' and far more expansive than the duty to indemnify its insured." *High Point Design, LLC v. LM Ins. Corp.*, 911 F.3d 89, 94 (2d Cir. 2018)

---

[5] Putting aside the "arising from" language, the Assault Exclusion elsewhere expressly disclaims coverage for the sort of claims asserted against Persaud in the Florida Case.  The Exclusion provides that the Policy does not cover suits "[a]lleging negligent hiring, placement, training or supervision, or allegations of any act, error or omission arising out of or relating to an assault" and suits "[a]lleging failure to provide proper security or safe premises to any person injured in an assault and/or battery or physical altercation." Policy at 112.  Moss's claims may qualify for exclusion on this basis as well, although the parties do not brief the issue.

(quoting *Continental Cas. Co. v. Rapid-American Corp.*, 609 N.E.2d 506, 509 (N.Y. 1993)). "[T]he insurer may deny its insured a defense 'only if it could be concluded as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be held to be obligated to indemnify the insured under any provision of the insurance policy.'" *Id.* at 95 (quoting *Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford*, 477 N.E.2d 441, 444 (N.Y. 1985)).

Mt. Hawley has met that burden. The express terms of the Assault Exclusion plainly apply to the Florida Case, and Persaud offers no compelling argument to the contrary. Although "an insured's right to a defense should not depend solely on the allegations a third party chooses to put in the complaint," *Fitzpatrick v. Am. Honda Motor Co., Inc.*, 575 N.E.2d 90, 94 (N.Y. 1991), the Court discerns no basis for Persaud's liability in the Florida Case aside from the allegations in Moss's complaint, and those allegations fall squarely under the Assault Exclusion. "[T]he duty to defend is triggered only if there is a 'reasonable possibility of recovery' under the policy." *Spandex House*, 407 F. Supp. 3d at 249 (quoting *Fieldston Prop. Owners Ass'n, Inc. v. Hermitage Ins. Co., Inc.*, 945 N.E.2d 1013, 1018 (N.Y. 2011)). Because Mt. Hawley has "establish[ed] that the exclusions or exemptions apply in th[is] particular case, and that they are subject to no other reasonable interpretation," *Seaboard Sur. Co. v. Gillette Co.*, 476 N.E.2d 272, 275 (N.Y. 1984) (citations omitted), the duty to defend is not triggered.

### 2. Firearms Exclusion

The Court additionally concludes that Mt. Hawley is entitled to judgment on the pleadings because the Policy's Firearms Exclusion plainly applies as well. Under this Exclusion, the Policy's "insurance does not apply to 'bodily injury', 'property damage', 'personal and advertising injury' or medical payments arising out of the ownership, rental, maintenance, use or misuse of any firearms." Policy at 113. Moss's complaint in the Florida Case alleges bodily injury that resulted

from the "use or misuse of a[] firearm." *See* Florida Compl. ¶¶ 5-24. Moss alleges that while at Sammy's, "Joseph shot [Moss] with the 9[ ]millimeter Glock weapon," *id.* ¶ 20; that "Joseph's bullet tore entirely through [Moss]'s right hip seriously damaging the right hip muscle," *id.* ¶ 22; that Moss "was caused to fall to the floor from the gunshot wound, violently striking his head and neck on the store counter as he fell," *id.* ¶ 23; and that Moss "crawled from the store bleeding profusely to seek medical assistance," *id.* ¶ 24.

As Persaud advances many of the same arguments as to both the Assault Exclusion and the Firearms Exclusion, the above analysis applies. Persaud offers no explanation for why *Creative Housing* would not apply with equal force to the Firearms Exclusion as it does to the Assault Exclusion. Here too, but for the act of Joseph using a firearm to shoot Moss causing him bodily injury, there would be no cause of action in the Florida Case against Persaud. Persaud's attempt to distinguish the New York Supreme Court's Appellate Division's decision in *Farmbrew Realty Corp. v. Tower Insurance Company of New York*, 734 N.Y.S.2d 592 (2d Dep't 2001), also falls flat. At issue in *Farmbrew Realty* was an insurance policy with firearms exclusion provisions similar to the Firearms Exclusion here, and the court there, citing *Creative Housing*, concluded that those provisions "clearly exclude any claim arising out of any use by anyone of any firearm or firearms." *Id.* at 593-94. As Persaud does not offer any contrary interpretation of the Policy's Firearms Exclusion that is viable under New York law, judgment on the pleadings is appropriate on this ground as well.

### 3. Notice Defense

Facing the clear language of the Assault Exclusion and the Firearms Exclusion and binding New York precedent, Persaud maintains that it has a colorable argument that Mt. Hawley failed to timely disclaim coverage under Section 3420(d) of New York Insurance Law and thus is precluded

from denying coverage. *See* Opposition at 6-9. In support of its position, Persaud has submitted a declaration from its managing member, Darmindra Persaud, with attached exhibits which broadly outline the timeline of Persaud's claim and its correspondence with Mt. Hawley. *See* Persaud Decl. Mt. Hawley disagrees that Section 3420(d) applies in this case, and further insists that its response was prompt, "legally correct, proper, and beyond reproach." Reply at 2-3.

The Court need not engage in the parties' dispute about the timeliness of Mt. Hawley's notice because Persaud is relying on a defense that does not apply as a matter of law to the present dispute. Under Section 3420(d)(2), an insurer "shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant."[6] *See* Opposition at 6 ("The Court should deny the instant application based upon Mt. Hawley's failure to disclaim coverage as soon as reasonably possible."); *id.* at 7 (arguing that "in most cases, 'whether a disclaimer has been sent "as soon as is reasonably possible" will be a question of fact, dependent on all of the circumstances of a case that make it reasonable, or unreasonable, for an insurer to investigate coverage'" (quoting *First Fin. Ins. Co. v. Jetco Contracting Corp.*, 801 N.E.2d 835, 840 (N.Y. 2003))); *id.* at 8 (arguing that "Mt. Hawley's attempt to disclaim coverage and its duty to defend fails because Mt. Hawley did not comply with the notice requirements under New York Insurance Law" as "Mt. Hawley failed to provide notice 'as soon as [wa]s reasonably possible'").

---

[6] While Persaud's opposition brief cites broadly to Section 3420(d), the quoted "as soon as is reasonably possible" language exists only in Section 3420(d)(2), and Persaud gives no indication that it is appealing to Section 3420(d)(1). Indeed, Section 3420(d)(1) appears to have no relevance to this case. Section 3420(d)(1) governs claims made to an insurer by an "injured person," and specifically cross-references Section 3425 of New York Insurance Law, which applies to certain automobile and personal lines insurance policies. *See Nadkos, Inc. v. Preferred Contractors Ins. Co. Risk Retention Grp. LLC*, 132 N.E.3d 568, 570 (N.Y. 2019) (explaining that Section 3420(d)(1) "requires insurers to respond to requests for information by insureds or injured individuals").

13

Section 3420(d)(2), however, applies by its plain terms only to incidents that occur in New York.  Section 3420(d)(2) reads, in its entirety:

> If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident *occurring within this state*, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

N.Y. Ins. Law § 3420(d)(2) (emphasis added).

The allegations in the Florida Case of course concern an incident, and resulting injuries, that occurred in Florida.  Indeed, no conduct in that case is alleged to have occurred in New York.  The temporal notice requirement of Section 3420(d)(2) thus does not apply here.  *See, e.g.*, *Am. Home Assur. Co. v. Republic Ins. Co.*, 984 F.2d 76, 79 (2d Cir. 1993) (holding Section 3420(d) inapplicable on the basis that the provision "d[oes] not apply to out-of-state accidents, at least where they did not bear a substantial relation to New York"); *see also Vista Eng'g Corp. v. Everest Indem. Ins. Co.*, 78 N.Y.S.3d 43, 44 (1st Dep't 2018) (explaining that the applicability of Section 3420(d)(2) "depends on (1) a policy covering risks located in New York, and (2) the insured being located in New York").

### III.   Conclusion

For the foregoing reasons, Mt. Hawley's motion for judgment on the pleadings with respect to its first and second claims for declaratory relief is granted to the extent that the Policy's Assault Exclusion and Firearms Exclusion each relieve Mt. Hawley of a duty to defend or indemnify Persaud in the Florida Case.  By September 17, 2024, Mt. Hawley should advise the Court whether it is still pursuing its third request for declaratory relief.  If not, the Court will direct the Clerk of Court to enter judgment and to close this case.  The Clerk of Court is respectfully directed to close the motion pending at Docket Number 24.

SO ORDERED.

Dated: September 10, 2024
       New York, New York

                                    _____
                                             JOHN P. CRONAN
                                         United States District Judge